IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SPA ROMA, INC.
a West Virginia corporation,

    Plaintiff,

v.                                       Civil Action No. 1:07CV105
                                                     (STAMP)
SPA ROMA TEXAS, INC.
a Texas corporation,

    Defendant.

**<u>ORDER GRANTING AS FRAMED PLAINTIFF'S MOTION FOR
ADDITIONAL TIME TO COMPLETE SERVICE OF PROCESS</u>**

On December 11, 2007, the plaintiff, Spa Roma, Inc., filed a motion seeking an additional ninety-day period in which to complete service of process on the defendant, Spa Roma Texas, Inc., pursuant to Federal Rule of Civil Procedure 4(m). In the alternative, the plaintiff seeks an order from this Court deeming service of process effected. The plaintiff also seeks an order by this Court requiring the defendant to pay for the plaintiff's incurred costs for effecting service of process. No responses were filed.

The Federal Rules of Civil Procedure govern the time limit for effecting service and the sanctions to be imposed for refusal by a defendant to waive service. Rule 4(m) provides that service of the summons and complaint must be made upon a defendant within 120 days from the date of the filing of the complaint. Fed. R. Civ. P. 4(m). However, where a plaintiff shows good cause for failure to effect service of process within the prescribed period, "the court shall extend the time for service for an appropriate period." <u>Id.</u>

Pursuant to Federal Rule of Civil Procedure 4(d)(2)(G), if a defendant fails to comply with a request to waive service of summons, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be show." Fed. R. Civ. P. 4(d)(2)(G).

In its motion, the plaintiff states that it has not yet effected service for two reasons. First, the plaintiff states that the defendant, after indicating that it would give the plaintiff a proposal to resolve the dispute, waited approximately two months to do so. Second, the plaintiff claims to have made repeated attempts to personally serve process on the defendant's principal at the defendant's principal place of business, but each attempt has failed because the defendant's principal has been unavailable.

This Court finds that the plaintiff has shown good cause for its failure to effect service of process within the time prescribed by the Federal Rules of Civil Procedure. Accordingly, the plaintiff's motion is hereby GRANTED as framed. Specifically, the time for effecting service of process on the defendant is hereby extended until **March 3, 2008.** However, because the Rule 4(d)(2)(G) provides that a defendant may avoid the cost-shifting penalty for failure to waive service by showing good cause, that portion of the plaintiff's motion seeking an order requiring the defendants to pay for the costs incurred by the plaintiffs to effect service of process is DENIED without prejudice. After the defendant has been served, this Court will, upon a renewed motion by the plaintiffs,

and an opportunity for the defendants to respond pursuant to the Local Rules of Civil Procedure, consider whether the defendant had good cause for refusing to waive service.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    January 22, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE